UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA TODD, | No. 2:23-cv-02398-DJC-AC |
| Plaintiff, | |
| v. | **ORDER** |
| UNITED PARCEL SERVICE, Inc., et al., | |
| Defendants. | |

Plaintiff Joshua Todd brought this action on behalf of himself and others similarly situated based on claims that Defendant United Parcel Service, Inc. failed to properly compensate employees for time worked while waiting in a mandatory security check at the beginning and end of their shifts. Presently before the Court is Defendant's Motion to Dismiss which argues that a prior settlement precludes Plaintiff's claims.

## I. Procedural History

Plaintiff originally filed this action in San Joaquin Superior Court. (*See* ECF No. 1.) On October 20, 2023, Defendant filed a notice of removal, removing the case to federal court. (*Id.*) After Defendant filed a motion to dismiss, Plaintiff filed a First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). (FAC (ECF No. 17).) The FAC is the current operative complaint in this action.

Defendant has filed a motion to dismiss that complaint which is fully briefed. (Def's Mot. (ECF No. 19-1).) This matter was taken under submission without oral argument pursuant to Local Rule 230(g).

## II. Allegations in the Complaint

Plaintiff alleges that for at least four years prior to filing the complaint, Defendant required Plaintiff and other employees to wait in line and undergo mandatory security bag inspections before clocking in for their shifts and before clocking out at the end of their shifts. (FAC ¶¶ 2, 12.) Plaintiff further alleges that Defendants failed to fully compensate employees for this time. (*Id.* ¶ 12.) Plaintiff claims that during the period in question, employee shifts were at least eight hours and, as a result, they are owed overtime wages for the periods waiting in the security check line. (*Id.* ¶ 28.)

Based on the above, Plaintiff brings claims for failure to pay overtime wages in violation of California Labor Code § 510, failure to pay minimum wages in violation of California Labor Code § 1197, failure to pay all wages upon termination in violation of California Labor Code §§ 201 & 202, failure to provide accurate wage statements in violation of California Labor Code § 226, and unfair competition in violation of California Business & Professions Code § 17200. Plaintiff also brings a Private Attorney General Act ("PAGA") claim under California Labor Code 2699(a) based on each of the other claims.

## III. Legal Standard for Motion to Dismiss

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The Court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City and Cnty. of San Francisco*,

919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)).  If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible.  *Iqbal*, 556 U.S. at 678.  In the same vein, conclusory or formulaic recitations of elements do not alone suffice.  *Id*. (citing *Twombly*, 550 U.S. at 555).  This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense."  *Id*. at 679.

**IV.   Motion to Dismiss**

Defendant claims they previously settled a class action on the same basis in *Navarro v. United Parcel Service, Inc.* ("*Navarro*") which was brought, and ultimately settled, in the Los Angeles County Superior Court.  Defendant argues the settlement in *Navarro* precludes Plaintiff's claims for a portion of the period, as the *Navarro* settlement expressly released these claims.  (Def's Mot. at 8–10.)  Defendant also argues that the claims for the remainder of this period should also be dismissed as, pursuant to that same settlement, Defendant's policies were changed to specifically avoid further violations.  (*Id.* at 10–11.)

Plaintiff concedes that under the *Navarro* settlement, the period of the claims in the present action must begin on August 2, 2021, as this is the date when Defendant allegedly changed their policy.  (Pl's Opp'n (ECF No. 20) at 3.)  This differs from the original periods stated in the FAC.  (FAC ¶ 16.)  Plaintiff contends that the claims in the FAC are still viable for the period beginning on August 2, 2021, as the fact that Defendant changed their policy changes pursuant to the settlement does not mean

3

that they fully compensated employees for all time spent at the security checkpoints. (*Id.* at 3.)

In response to Plaintiff's concession, Defendant requests the Court grant the Motion to Dismiss as to Plaintiff's claims before August 2, 2021. (Def's Reply (ECF No. 21) at 2.) Defendant further requests that the claims for the period starting on August 2, 2021, be dismissed as the FAC fails to allege sufficient facts to support a new theory focused on this period and the *Navarro* settlement bars both past and future claims brought on the same grounds.[1] (*Id.* at 3–4.)

## V. Discussion

### A. Claims Before August 2, 2021

Plaintiff concedes that claims prior to August 2, 2021, are covered by the *Navarro* action and that, pursuant to the settlement in that case, the relevant period for this action begins August 2, 2021. (Pl's Opp'n at 3.) Accordingly, the Court will grant Defendant's Motion to Dismiss as to the portions of the claims in the FAC that occurred prior to August 2, 2021.

### B. Claims After August 2, 2021

Defendant seeks to have Plaintiff's claims after August 2, 2021, dismissed on two grounds: (1) that the FAC fails to allege facts that support a theory that, as stated in Plaintiff's opposition, Plaintiff and other employees received incomplete compensation for time at the security checks, and (2) that the *Navarro* settlement precludes future claims brought on the same basis.

---

[1] Defendant has also made an unopposed request that the Court take judicial notice of nine documents, all filed in the state court *Navarro* action. (*See* Req. Judicial Notice ("RJN") (ECF No. 19-3).) The Court may take judicial notice of documents filed in state proceedings. *See* Fed. R. Evid. 201 (The court may judicially notice a fact that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.); *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) ("[a court] may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." (citations omitted)). As such, the Court will grant Defendant's request and take judicial notice of the existence of these documents, though not for the truth of any facts therein.

4

On the first ground, Defendant is correct. The FAC contains generalized accusations about Defendant's failure to properly compensate employees for the time they are required to wait in the security check line. (*See* FAC ¶ 12.) The factual support for this claim appears largely contained in the allegation that "[p]laintiff and other non-exempt employees were required to wait in line and undergo security bag inspections prior to clocking in for the start of their shifts and after clocking out for the end of their shifts without being fully compensated for this time worked." (*Id.*) In opposing to Defendant's Motion to Dismiss, Plaintiff appears to suggest his claims are focused on the "fully" portion of that statement, with Plaintiff's theory seemingly being that employees did receive some compensation but that the compensation was not complete. (*See* Pl's Opp'n at 3.) Such a claim might theoretically be viable but the FAC contains no factual allegations to this end. There are few allegations, if any, in the FAC that make clear that this is the basis of Plaintiff's claims. Further, the factual allegations provide no indication for what portion of the total time in the security check line Plaintiff and other employees were not properly compensated. As such, the FAC fails to allege sufficient factual support to state a claim against Defendant for any of the stated causes of action. *See Iqbal*, 556 U.S. at 678.

The Court will grant Defendant's Motion to Dismiss the Complaint. Based on the above, it seems that leave to amend is warranted as amendment is not necessarily futile. However, Defendant has also argued that the *Navarro* settlement precludes these claims entirely, making amendment futile. Thus, the Court must also consider this argument.

Other district courts in this circuit have previously held that generally, a settlement agreement may release future claims. *See Estorga v. Santa Clara Valley Transp. Auth.*, No. 16-cv-02668-BLF, 2017 WL 2604665, at *5 (N.D. Cal. June 15, 2017) (finding that a class settlement's release precluded future wage and hour claims based on a stipulation that the defendant was in compliance with all wage and hour laws); *Larson v. Liberty Mut. Fire Ins. Corp.*, 2020 WL 3714526, at *7–8 (D. Haw. July 6, 2020)

(finding that language in a settlement agreement that unambiguously covers future claims can release future claims "based on conduct subsequent to the date of a settlement agreement"); *see also In re Western States Wholesale Natural Gas Antitrust Litig.*, 725 Fed. Appx. 560, 563 (9th Cir. 2018) ("A settlement agreement may preclude a party from bringing a related claim in the future even though the claim was not presented and might not have been presentable in the class action, but only where the released claim is based on the identical factual predicate as that underlying the claims in the settled class action." (citations omitted)). However, state law may also disallow a settlement agreement from releasing liability for future conduct. *See Larson*, 2020 WL 3714526, at *7 (citing *W. Chance # 2, Inc. v. KFC Corp.*, 957 F.2d 1538, 1543 (9th Cir. 1992)).

Here, the state court's preliminary approval order stated in part that the measures and policy changes that Defendants were expected to implement in order to ensure employees were properly compensated "reasonably, fairly and adequately address the concerns that caused [the lawsuits] and [plaintiffs] agree on behalf of themselves, the Settlement Class Members, the PAGA Settlement Class Members, and the State of California that the change in practices satisfies the Defendant's obligations under the Labor Code and Wage order provisions at issue in these Lawsuits." (Revised Order on Mot. for Final Approval of Class Action Settlement (RJN, Ex. 7) at 9; *see* Second Amended Stipulation of Class Action Settlement (RJN, Ex. 4) at 4.) It is possible that this portion of the order might preclude future claims on this basis but due to minimal factual support in the FAC for Plaintiff's narrowed claims, determining whether the language of the above order in the *Navarro* case actually bars this action as a whole is challenging. While the portion of the order quoted above does appear to establish a basis for barring some future claims, on its face, that order alone does not appear to bar *all* possible future claims. Without additional factual allegations to elucidate the nature of Plaintiff's claims beginning on August 2, 2021, it is difficult for

the Court to find at this stage that Plaintiff's claims are entirely precluded by the *Navarro* settlement agreement.

Accordingly, the Court will dismiss Plaintiff's FAC but will grant Plaintiff leave to file an amended complaint as it is not clear that amendment would be futile. *See Preston v. Am. Honda Motor Co., Inc.*, 783 F. App'x 669, 671 (9th Cir. 2019).

## VI.     Conclusion

In accordance with the above, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (ECF No. 19) is GRANTED. The First Amended Complaint is dismissed with leave to amend. Within twenty-one days of this order, Plaintiff may file a Second Amended Complaint.

IT IS SO ORDERED.

Dated:    **February 2, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – todd23cv02398.mtd

7